UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PAM FRYE )
 )
v. ) NO. 2:05-CV-289
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

MEMORANDUM OPINION

The plaintiff Pam Frye has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny her application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Frye was born in 1962 and was 42 years old at the time of her administrative hearing. [Tr. 392]. She graduated high school and has relevant past work experience as a telemarketer, spray painter, convenience store clerk, machine operator, and hospital kitchen worker. [Tr. 21, 392]. Ms. Frye alleges she is disabled as of November 18, 2003, from pain in her arms, neck, lower back, and legs, as well as bilateral carpal tunnel syndrome, venous insufficiency in her right leg, and anxiety. [Tr. 21]. Based upon a finding that her severe impairments were

not severe enough, the Administrative Law Judge [ALJ] found that Ms. Frye was not disabled as defined by the Social Security Act. [Tr. 25-27].

At Ms. Frye's administrative hearing held on December 16, 2006, the testimony of Ms. Frye and vocational expert Donna Bardsley was received into evidence. [Tr. 301-20]. Ms. Frye testified she quit her most recent job as a telemarketer because she could not handle the required interaction with people. [Tr. 302-03]. She has also been employed as a factory worker and a cashier in the past 15 years. [Tr. 303-05]. Ms. Frye experiences neck and low back pain, painful veins, depression, and anxiety. [Tr. 305-06, 310-11]. She is able to drive a car, grocery shop, prepare meals with assistance, read, watch television, and occasionally attend church. [Tr. 307-08].

Vocational expert Donna Bardsley testified next. [Tr. 317-20]. She classified Ms. Frye's past relevant work as a telemarketer as sedentary and unskilled; her work as a spray painter, convenience store clerk, and machine operator as light and unskilled; and her work as a hospital kitchen worker as medium and unskilled. [Tr. 317]. The ALJ then asked her to assume a woman of Ms. Frye's height, weight, education, and work background who was restricted to light and sedentary work and had an emotional disorder that required restrictions on her ability to perform work-related activities. [Tr. 318]. According to the

vocational expert, such a person could perform work as a hand packager, sorter, assembler, inspector, cleaner, food service worker, and stock clerk, *inter alia*. *Id*.].

The ALJ ruled that Ms. Frye was not disabled because her severe impairments of degenerative disc disease of the lumbar spine, anxiety, and depression were not severe enough to warrant a finding of disability. [Tr. 225-27]. The ALJ then found Ms. Frye retained the residual functional capacity [RFC] to perform light work consistent with an emotional disorder that restricted her ability to perform work-related activities.[1] [Tr. 25]. With those limitations, Ms. Frye could perform work that exists in significant numbers in the national economy as well as some of her past relevant work. [Tr. 26-27].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor

---

[1] The specific limitations include a limited ability to understand and remember recent events, socially interact, and adapt. [Tr. 221].

3

resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Frye requests summary judgment and contends the ALJ erred in failing to accord the proper weight to the opinions of her treating physicians, Drs. David Perry, Edward Perez, and Richard Reed. Under Sixth Circuit law, the ALJ is to give substantial deference to the opinions of a treating physician and, if that opinion is not contradicted, complete deference, when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). The ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

To begin, this court must note that Dr. Perry, as a chiropractor, cannot be a treating physician because a chiropractor is not an acceptable medical source. 20 C.F.R. § 404.1513(a). As such, the treating physician rule does not apply. The ALJ noted that he found Dr. Perry's opinion of Ms. Frye was of "little probative value" because it was based on Ms. Frye's subjective allegations and was inconsistent with the "overall evidence of record." [Tr. 26]. According to Dr. Perry, Ms. Frye had impairment-related limitations that make her "unable to sit, stand, [or] walk for longer than 30 to 40 minutes once per day and she is unable to

4

lift greater than 5 lbs." [Tr. 174]. He was also of the opinion that she was "unable to seek any type of gainful employment now or in the future." [*Id.*]. At the outset, the doctor's opinion on Ms. Frye's abilities was in conflict with *her own* assessment of her capabilities. Ms. Frye testified at the administrative hearing that she could stand for one hour at a time and sit for 30 minutes at a time. [Tr. 312-13]. In addition, Dr. Karl Konrad, who examined Ms. Frye in February 2004, indicated she did not have any impairment-related limitations. [Tr. 215]. Similarly, Dr. James Lester opined in March 2004 that Ms. Frye did not have any severe impairments; therefore, she did not have any impairment-related limitations. [Tr. 240]. Because Dr. Perry's limitations were in conflict with other record evidence, the ALJ's determination concerning their validity was made with substantial evidence.

Regarding the opinions of Dr. Perez, his opinions were, according to the ALJ, apparently based on Ms. Frye's subjective assertions because the doctor did not "report objective medical findings to support" his restrictions. [Tr. 25]. According to Dr. Perez's November 2004 report, Ms. Frye could occasionally lift/carry a maximum of 10 pounds up to one-third of an eight-hour workday, stand/walk for two hours out of an eight-hour workday, and sit for four hours out of an eight-hour workday. [Tr. 259]. The only medical reasoning Dr. Perez

5

provided on the report was for the standing/walking limitation: the medical finding to support that assessment was that Ms. Frye "goes into spasm." [Tr. 259]. The remainder of the assessment was unsupported. Because the doctor's very limiting opinion was unsupported and because it was in conflict with the opinions of Drs. Konrad and Lester as discussed above, the ALJ's decision not to accept the opinion was made with substantial evidence.

Contrary to Ms. Frye's claims, the ALJ did consider the opinion of Dr. Reed. Dr. Reed recommended that she not engage in heavy lifting and physical activity, and the ALJ accommodated this opinion by restricting Ms. Frye's RFC to include a range of light work. [Tr. 25, 145]. In addition, Dr. Reed's assessments of Ms. Frye–normal neurological results, normal gait and normal feet, and a full range of motion in her back with only slightly limited range of motion in her shoulders–are in congruence with the ALJ's finding that she did not suffer from a disabling impairment. [Tr. 23, 143, 145, 151-52].

Ms. Frye next argues the ALJ erred in the evaluation of her RFC. The ALJ found that Ms. Frye retained the RFC "to perform light work consistent with an emotional disorder with restrictions regarding her ability to perform work-related activities" in the areas of understanding and remembering recent events, socially interacting, and adapting. [Tr. 25, 221]. Ms. Frye specifically asserts that the ALJ

6

Case 2:05-cv-00289   Document 16   Filed 05/15/06   Page 6 of 8   PageID #: 6

failed to properly assess her functional limitations or cite medical evidence to support his conclusions. The ALJ stated in his decision that Ms. Frye had "restrictions regarding her ability to perform work-related activities as described by Dr. Spangler in Exhibit 9F." [Tr. 25]. While the ALJ did not specifically state the functional limitations, he did state where the limitations were discussed. In addition, the ALJ, prior to stating his RFC finding, spent four pages detailing the medical history of Ms. Frye, including x-rays of well-healed fractures, well-controlled hypertension, an absence of abnormalities in her cervical spine, and mild anxiety and depression. [Tr. 22-25]. Ms. Frye's assertion that the ALJ erred by failing to state her functional limitations or cite medical evidence to support his conclusions must fail.

Finally, Ms. Frye asserts the ALJ incorrectly found that she did not suffer from physical impairments capable of producing disabling pain. The ALJ stated that her "allegations of disabling pain and other disabling physical symptoms are not supported by the record as a whole." [Tr. 26]. He discussed how Ms. Frye has never been referred to pain management, no treating physician has indicated she is disabled from pain, her daily activities are plentiful, and how she worked for several years following carpal tunnel syndrome. The ALJ appears to have based his decision concerning Ms. Frye's level of pain on substantial evidence.

7

Ultimately, however, Ms. Frye is asking this court to review the ALJ's credibility determination. And, it must be noted that it is not within the purview of this court to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Ms. Frye's motion for summary judgment will be denied, the defendant's motion for summary judgment [Doc. 13] will be granted, and this action will be dismissed.

An appropriate order will follow.


ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE